IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSA CEJA, | |
| Plaintiff, | Case No. |
| v. | Judge |
| PERSONNEL STAFFING GROUP, LLC d/b/a MVP, | Magistrate Judge |
| Defendant. | |

**COMPLAINT**

Plaintiff Rosa Ceja ("Plaintiff"), for her Complaint against Personnel Staffing Group, LLC d/b/a MVP ("MVP" or "Defendant"), states as follows:

### I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendant's failure to pay Plaintiff overtime wage for all time worked in excess of forty (40) hours in individual work weeks.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district as a substantial number of the facts and events giving rise Plaintiff's claims occurred in this judicial district and as Defendant has maintained offices and transacted business within this jurisdiction at all relevant times.

### III.     PARTIES

**Plaintiff**

4.     Plaintiff Rosa Ceja has:

    a.     resided in and is domiciled in within this judicial district in Illinois;

    b.     handled goods that have moved in interstate commerce;

    c.     been an "employee" of Defendant MVP in Illinois as that term is defined by the FLSA and the IMWL.

**Defendant**

5.     At all relevant times, Defendant MVP has:

    a.     been a corporation organized under the laws of the state of Florida and been located in and conducted business within this judicial district;

    b.     been an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes; and

    c.     had two or more employees who have handled goods which have moved in interstate commerce; and

    d.     been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3(c); and

### COUNT I
### Violation of the FLSA – Overtime Wages

Plaintiff incorporates and re-alleges paragraphs 1 through 5 as though set forth herein.

6.     This Count arises from Defendant MVP's violation of the FLSA for its failure to pay Plaintiff one and a half times her regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

7.     Plaintiff was employed by Defendant from approximately March of 2014 through October of 2014.

8. During the course of Plaintiff's employment with Defendant, MVP directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks in the three years prior to the filing this lawsuit.

9. During the course of Plaintiff's employment with Defendant, MVP suffered or permitted Plaintiff to work in excess of forty (40) hours in individual work weeks.

10. Plaintiff was not exempt from the overtime provisions of the FLSA.

11. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

12. Defendant MVP did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

13. Defendant MVP's failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

14. Plaintiff is entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant MVP's violation of the FLSA was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendant MVP as follows:

A. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks.

B. Liquidated damages in the amount equal to the unpaid overtime wages;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the IMWL – Overtime Wages

Plaintiffs incorporate and re-allege paragraphs 1 through 14 as though set forth herein.

15. This Count arises from Defendant MVP's violation of the IMWL for its failure to pay Plaintiff one and a half times her regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

16. Plaintiff was employed by Defendant from approximately March of 2014 through October of 2014.

17. During the course of Plaintiff's employment with Defendant, MVP directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks in the three years prior to the filing this lawsuit.

18. During the course of Plaintiff's employment with Defendant, MVP suffered or permitted Plaintiff to work in excess of forty (40) hours in individual work weeks.

19. Plaintiff was not exempt from the overtime provisions of the IMWL.

20. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

21. Defendant MVP did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

22. Defendant MVP's failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the IMWL.

WHEREFORE, Plaintiff prays for a judgment against Defendant MVP as follows:

A. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks.

B. Statutory damages as provided for in Section 12(a) of the IMWL;

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL;

D. Such other and further relief as this Court deems appropriate and just.

              Respectfully submitted,

Dated: November 23, 2015

              *s/Christopher J. Williams*
              Christopher J. Williams (ARDC #6284262)
              Alvar Ayala (ARDC #6295810)
              Neil Kelley (ARDC # 6306308)
              Workers' Law Office, PC
              53 W. Jackson Blvd, Suite 701
              Chicago, Illinois 60604
              (312) 795-9121

              Attorneys for Plaintiffs